# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ARTHUR L. FOSTER,<br><br>                         Plaintiff,<br><br>v.<br><br>BRIAN FOSTER, LAURA ALSUM,<br>BRADLEY HOMPE, NURSE WHITE,<br>NURSE MARCHANT, DR. MANLOVE,<br>and JON LITSCHER,<br><br>                         Defendants. | Case No. 17-CV-990-JPS<br><br>**ORDER** |

      Plaintiff, who is incarcerated at Waupun Correctional Institution ("Waupun"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). The Court screened Plaintiff's original complaint, noted deficiencies therein, and ordered that Plaintiff file an amended complaint curing those deficiencies. (Docket #8). Plaintiff then filed an amended complaint. (Docket #9).

      As with his original complaint, the Court must screen Plaintiff's amended complaint. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774

(7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings

that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his amended complaint, Plaintiff first alleges that since July 1, 2012 and continuing through the present, Defendants Jon Litscher ("Litscher"), Laura Alsum ("Alsum"), and possibly others have implemented a policy at Waupun that inmates are allowed (or denied) medical care by a doctor based upon the last digit of the inmate's prison identification number. (Docket #9 at 3).

Next, Plaintiff alleges that beginning on or around November 1, 2016, certain Defendants denied Plaintiff surgery or other treatment for kidney stones that are causing him severe pain and affecting his ability to work. *Id.* at 3–4. Specifically, Plaintiff claims that he submitted a request to be seen by health services staff, and Defendants Dr. Manlove, Alsum, and another unnamed person invoked the last-digit policy to deny Plaintiff medical care by a doctor. *Id.* at 3. Dr. Manlove and Alsum instead

authorized an untrained nurse assistant to "exercise doctor duties" to diagnose Plaintiff. *Id.*

Plaintiff was then referred to Mark Sateriale ("Sateriale"), a specialist, to treat Plaintiff's lower back pain. *Id.* Sateriale ordered an ultrasound to help him locate the source of the pain, and the ultrasound revealed that the problem stemmed from Plaintiff's kidneys. *Id.* The ultrasound was sent to Dr. Manlove, Nurse White ("White"), and Nurse Marchant ("Marchant") in order for them to formulate a treatment plan. *Id.* Dr. Manlove, White, and Marchant refused to establish a treatment plan. *Id.* Plaintiff's acute back and kidney pain continued. *Id.* at 4.

In January and February 2017, Plaintiff wrote to White, Marchant, Alsum, and possibly others requesting that they provide him treatment for pain he was experiencing due to kidney stones. *Id.* Dr. Manlove, White, Marchant, and Alsum knew of Plaintiff's medical issue but denied him care. *Id.* In addition to these medical personnel, Plaintiff alleges that Defendants Brian Foster ("Foster"), the warden, Bradley Hompe ("Hompe"), a complaint examiner, and possibly others knew of Plaintiff's request for treatment and denied him medical care. *Id.* He further alleges that Hompe falsified a report about the treatment Plaintiff was receiving. *Id.* at 3.

On these allegations, Plaintiff asserts that his rights under the Eighth Amendment have been violated.[1] Plaintiff will be permitted to proceed on

---

[1] Plaintiff also alleges that his rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Health Insurance Portability and Accountability Act, Pub. L. No. 141-191, 110 Stat. 1936 (1996) ("HIPAA"), have been violated. (Docket #9 at 4–5). Those claims cannot proceed. Among other deficiencies, Plaintiff has not alleged that he has a disability that would qualify him for protection under the ADA, and he has not alleged that he was discriminated against based on a disability. *See* 42 U.S.C. §§ 12102(1), 12132. As for

Eighth Amendment claims against Litscher in his official capacity and against the other Defendants in their individual capacities, as described below.

First, Plaintiff's complaint crosses the very low threshold set at screening to state an Eighth Amendment deliberate indifference claim against Dr. Manlove, White, Marchant, Alsum, Foster, and Hompe in their individual capacities. To demonstrate that these Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).

As to the medical personnel Defendants, their decisions in treating Plaintiff's kidney pain might ultimately be explained as the proper exercise of medical discretion, or at worst mere negligence; at the present stage the Court, generously construing Plaintiff's allegations, finds that he states a claim against them. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *but see Walker v. Zunker*, 30 F. App'x 625, 628 (7th Cir. 2002) ("Mere

---

his HIPAA claim, that statute does not furnish a private right of action. *See Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011).

dissatisfaction with a particular course of treatment, or even malpractice, does not amount to deliberate indifference.").

As to Foster, a non-medical prison official, it might be the case that his dismissal is warranted because his actions with regard to Plaintiff's medical care were taken in reliance on the professional judgment of the facility's medical officials. *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008). Plaintiff alleges that Foster knew of his requests for medical care and actively ignored them or otherwise denied Plaintiff medical care. At this stage, the Court cannot say that Foster relied on the prison's medical officials, and therefore he will remain in the case for now.

Finally, as to Hompe, a complaint examiner, he cannot be held liable as long as he did not "ignore [Plaintiff's] complaints entirely" or otherwise "shirk[] his duty in any way or fail[] to appropriately handle the claims." *Greeno v. Daley*, 414 F.3d 645, 657 (7th Cir. 2005). However, if he could have but failed to address the harm alleged by Plaintiff, then he may have acted with deliberate indifference in denying Plaintiff's grievance. *Id.* Plaintiff alleges that Hompe knew of his medical issue and sabotaged his receipt of medical care by falsifying a report about the treatment Plaintiff was receiving. At this stage, Plaintiff's allegations are sufficient to state a claim against Hompe.

Next, Plaintiff's allegations regarding an overarching prison policy that arbitrarily deprives certain inmates of proper medical care based on their identification numbers will proceed as a *Monell* claim against Litscher in his official capacity. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). *Monell* provides an avenue for relief against a governmental entity for constitutional violations that are caused directly by a policy or custom of the governmental entity. *Id.* at 694. To maintain a Section 1983

claim against a governmental entity, the plaintiff must first identify a "policy or custom" attributable to governmental policymakers. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 691–94). A "policy or custom" may take one of three forms: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although notice authorized by written law or express [governmental] policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (quotation omitted). The plaintiff must also demonstrate "the requisite causation," which means that "the policy or custom was the 'moving force' behind [his] constitutional deprivation." *Id.*

The proper defendant for a *Monell* claim is the governmental entity whose policy caused the plaintiff's constitutional deprivation, or a government official in his official capacity, because a suit against an official in his or her official capacity is a suit against the official's office. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1983). Plaintiff's amended complaint names Litscher as a prison official who "implemented" the last-digit medical care policy. (Docket #9 at 3). However, Plaintiff has not provided details about Litscher's role at the prison or within the Wisconsin Department of Corrections. Plaintiff also has not explained whether the last-digit policy is specific to Waupun or, instead, has been implemented at all state prisons. Discovery of these details might better inform the parties as to who is the appropriate defendant for Plaintiff's *Monell* claim. For the time being, the Court will allow the claim to proceed against Litscher. A more appropriate defendant can be substituted later if that becomes necessary.

Thus, for the reasons stated above, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Dr. Manlove, Alsum, White, Marchant, Hompe, and Foster in their individual capacities. Plaintiff shall be permitted to proceed on a *Monell* claim against Litscher in his official capacity based on the prison's last-digit medical care policy. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's Amended Complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendants; and

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the Amended Complaint within sixty (60) days of receiving electronic notice of this Order.

Dated at Milwaukee, Wisconsin this 6th day of July, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge