# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ARTHUR L. FOSTER,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN FOSTER, LORI ALSUM, BRADLEY HOMPE, NANCY WHITE, CHRYSTAL MARCHANT, JEFFREY MANLOVE, MD, and JON LITSCHER,<br><br>    Defendants. | Case No. 17-CV-990-JPS<br><br>**ORDER** |

**1. INTRODUCTION**

Plaintiff, an inmate at Waupun Correctional Institution ("Waupun"), proceeds in this matter *pro se*. On July 6, 2018, the Court screened Plaintiff's amended complaint and determined which claims may proceed. (Docket #12). Specifically, the Court allowed Plaintiff to proceed, first, on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendants Dr. Jeffrey Manlove ("Dr. Manlove"), Lori Alsum ("Alsum"), Nancy White ("White"), Chrystal Marchant ("Marchant"), Bradley Hompe ("Hompe"), and Brian Foster ("Foster") in their individual capacities. *Id.* at 8. The Court also permitted Plaintiff to proceed on a *Monell* claim against Defendant Jon Litscher ("Litscher"), the former secretary of the Wisconsin Department of Corrections ("WDOC"), in his official capacity based on an alleged policy at Waupun whereby inmates either received or were denied medical case based on the last digit of his inmate number. *Id.*

Litscher moved to dismiss the *Monell* claim alleged against him, and that motion is now fully briefed. (Motion, Docket #18; Opposition, Docket #19; Reply, Docket #20). For the reasons explained below, Litscher's motion must be granted. Plaintiff's *Monell* claim will be dismissed, but Litscher will remain in the case in his individual capacity.

2. **STANDARD OF REVIEW**

Defendant has moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). FRCP 12(b)(6) provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). In reviewing Plaintiff's complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in [Plaintiff's] favor[.]" *Kubiak v. City of Chi.*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citation omitted).

To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak*, 810 F.3d at 480 (quotation omitted). Ultimately, dismissal is only appropriate "if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested." *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016).

3. **RELEVANT FACTS**

The relevant facts were set out in the Court's July 6, 2018 screening order, *see* (Docket #12), and will be reproduced here for clarity.

In his amended complaint, Plaintiff first alleges that since July 1, 2012 and continuing through the present, Defendants Litscher, Alsum, and possibly others have implemented a policy at Waupun that inmates are allowed (or denied) medical care by a doctor based upon the last digit of the inmate's prison identification number. (Docket #9 at 3).

Next, Plaintiff alleges that beginning on or around November 1, 2016, certain Defendants denied Plaintiff surgery or other treatment for kidney stones that are causing him severe pain and affecting his ability to work. *Id.* at 3–4. Specifically, Plaintiff claims that he submitted a request to be seen by health services staff, and Defendants Dr. Manlove, Alsum, and another unnamed person invoked the last-digit policy to deny Plaintiff medical care by a doctor. *Id.* at 3. Dr. Manlove and Alsum instead authorized an untrained nurse assistant to "exercise doctor duties" to diagnose Plaintiff. *Id.*

Plaintiff was then referred to Mark Sateriale ("Sateriale"), a specialist, to treat Plaintiff's lower back pain. *Id.* Sateriale ordered an ultrasound to help him locate the source of the pain, and the ultrasound revealed that the problem stemmed from Plaintiff's kidneys. *Id.* The ultrasound was sent to Dr. Manlove, White, and Marchant in order for them to formulate a treatment plan. *Id.* Dr. Manlove, White, and Marchant refused to establish a treatment plan. *Id.* Plaintiff's acute back and kidney pain continued. *Id.* at 4.

In January and February 2017, Plaintiff wrote to White, Marchant, Alsum, and possibly others requesting that they provide him treatment for pain he was experiencing due to kidney stones. *Id.* Dr. Manlove, White, Marchant, and Alsum knew of Plaintiff's medical issue but denied him care. *Id.* In addition to these medical personnel, Plaintiff alleges that Defendants

Foster (the warden), Hompe (a complaint examiner), and possibly others knew of Plaintiff's request for treatment and denied him medical care. *Id.* He further alleges that Hompe falsified a report about the treatment Plaintiff was receiving. *Id.* at 3.

As noted above, the Court allowed Plaintiff to proceed on a claim of deliberate indifference to a serious medical need against Dr. Manlove, Alsum, White, Marchant, Hompe, and Foster in their individual capacities. The Court also allowed Plaintiff to proceed on a *Monell* claim against Litscher in his official capacity based on the alleged last-digit medical care policy. *See* (Docket #12).

4. **ANALYSIS**

Litscher has moved to dismiss Plaintiff's *Monell* claim that centers on the alleged overarching prison policy that arbitrarily deprives certain inmates of proper medical care based on their identification numbers.

As the Court explained in its screening order, *Monell* provides an avenue for relief against certain governmental entities for constitutional violations that are caused directly by a policy or custom of the governmental entity. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). To maintain a Section 1983 claim against a governmental entity, the plaintiff must first identify a "policy or custom" attributable to governmental policymakers. *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 691–94). A "policy or custom" may take one of three forms: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express [governmental] policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a

person with final policymaking authority." *Id.* (quotation omitted). The plaintiff must also demonstrate "the requisite causation," which means that "the policy or custom was the 'moving force' behind [his] constitutional deprivation." *Id.*

As Litscher correctly notes in his motion to dismiss, *Monell* claims cannot be lodged against the state or state agencies because they are entitled to immunity under the Eleventh Amendment. In the absence of a valid waiver of immunity or a statute overriding the state's immunity, *see Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54–55 (1996), the state and its agencies may not be sued in federal court. In this case, there is no waiver, and the relevant statute under which Plaintiff's claim arises, Section 1983, does not override state immunity. "It is well established that neither a state nor a state agency like [WDOC or Waupun] is a 'person' for purposes of § 1983, *see Will v. Michigan Dept. of State Police,* 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), and thus that § 1983 does not trump the state's immunity." *Ryan v. Illinois Dep't of Children & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999). Therefore, Plaintiff's claim against Litscher in his official capacity, as secretary of the WDOC, must be dismissed.

However, Plaintiff has alleged that Litscher (and possibly Alsum) crafted the last-digit policy that caused health care professionals at Waupun to deny him adequate medical care. If this is true, the official who crafted the policy could be personally liable for Plaintiff's constitutional injury. *See Gossmeyer v. McDonald,* 128 F.3d 481, 495 (7th Cir. 1997) (citing *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983) (finding that "[a]n individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation" since "[s]ection 1983 creates a cause of action based upon personal liability and predicated upon fault")). The

personal responsibility requirement is satisfied where an official "acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the deprivation occurs at her direction or with her knowledge and consent." *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash,* 687 F.2d 996, 1005 (7th Cir. 1982)).

Therefore, Litscher will remain in the case, and Plaintiff will be permitted to pursue his Eighth Amendment claim against Litscher in his individual capacity based upon Litscher's alleged involvement in crafting the last-digit policy. Alsum is also already a defendant in this case facing individual liability on Plaintiff's Eighth Amendment claim. Plaintiff's claim against her may now also include her alleged involvement in crafting the last-digit policy.

5. **CONCLUSION**

Because the WDOC is protected from suit under the Eleventh Amendment, Plaintiff cannot proceed on a *Monell* claim against Litscher in his official capacity as secretary of the WDOC. The *Monell* claim will be dismissed. However, Plaintiff may proceed on Eighth Amendment claims for deliberate indifference to his serious medical need against Litscher and Alsum in their individual capacities for their alleged involvement in creating a policy that caused him to receive inadequate medical care.

In light of this alteration to Plaintiff's claims, the Court will extend the remaining dates of the Trial Scheduling Order, (Docket #16), as follows: **discovery to be completed by: Monday, April 1, 2019; interim settlement report due: Wednesday, April 10, 2019; and dispositive motions due:**

**Thursday, April 25, 2019**.[1] Should a trial be necessary after resolution of any dispositive motions, the Court will set a trial date by separate order.

Accordingly,

**IT IS ORDERED** that Defendant Jon Litscher's motion to dismiss Plaintiff's *Monell* claim (Docket #18) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's *Monell* claim (Docket #12 at 8) be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that the remaining dates of the Court's Scheduling Order (Docket #16) be and the same are hereby **MODIFIED** as reflected in this Order; and

**IT IS FURTHER ORDERED** that Defendants' motion to stay the dispositive motion deadline (Docket #21) be and the same is **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2019.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[1] Because of this extension, Defendants' motion to stay the dispositive motion deadline, (Docket #21), will be denied as moot.