# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ARTHUR L. FOSTER,

                Plaintiff,

v.

BRIAN FOSTER, LORI ALSUM, BRADLEY HOMPE, NANCY WHITE, CHRYSTAL MARCHANT, JEFFREY MANLOVE, and JON LITSCHER,

                Defendants.

Case No. 17-CV-990-JPS

**ORDER**

        Plaintiff proceeds on two claims related to his medical care at Waupun Correctional Institution. (Docket #12). The first claim is that the prison medical staff and complaint examiners were deliberately indifferent to his serious medical need, namely a kidney stone. *Id.* at 3–8. The claim is leveled against Defendants Brian Foster ("Foster"), Lori Alsum ("Alsum"), Bradley Hompe ("Hompe"), Nancy White ("White"), Chrystal Marchant ("Marchant"), and Jeffrey Manlove ("Manlove"). *Id.* The second claim alleges that Alsum and Jon Litscher ("Litscher") enacted a policy to deprive inmates of medical care based on the last digit of their inmate number. *Id.*; (Docket #23 at 4–6). At the relevant time, Foster was the warden, Alsum was the nursing coordinator, White, Marchant, and Manlove were medical providers, and Hompe was a complaint examiner. Litscher was the Secretary of the Department of Corrections.

        Defendants filed a motion for summary judgment, (Docket #27), and an accompanying statement of facts, (Docket #29). Plaintiff's entire response to Defendants' motion is comprised of a one-and-a-half-page brief. (Docket

#38).[1] Absent from the brief is a response to Defendants' statement of facts that complies with the applicable procedural rules. Federal Rule of Civil Procedure 56 and Civil Local Rule 56 describe in detail the form and contents of a proper summary judgment submission. In particular, they state that a party opposing a summary judgment motion must file

> (B) a concise response to the moving party's statement of facts that must contain:
>
> (i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon[.]

Civ. L. R. 56(b)(2)(B)(i); *see* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record[.]"). Plaintiff has ignored this rule despite being twice provided a copy of it, once by the Court, (Docket #16-3), and once by Defendants along with their summary judgment motion, (Docket #27 at 3–12).

Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendants' proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court deems Defendants' facts undisputed for purposes of

---

[1] Plaintiff also filed a brief in response to the Defendants' reply brief. (Docket #40). Such a brief is not permitted by the rules of procedure; it has been ignored.

deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

According to the Defendants' undisputed statement of facts, Plaintiff complained of back pain beginning in October 2015. He did not indicate that his discomfort arose from his kidneys. A later ultrasound nevertheless revealed a small kidney stone. Manlove, a doctor and Plaintiff's primary care provider at the prison, decided that the stone was not threatening or causing Plaintiff's back pain, and so it would not be manually removed. Plaintiff wrote to the health services unit to complain, and Marchant responded that Manlove's professional opinion on the matter was final. Plaintiff then filed an inmate grievance on the same basis, which Alsum and Hompe dismissed for the same reason.

Litscher and Alsum deny creating a policy whereby inmates would not have access to medical care based on their inmate number. Rather, inmates were assigned to their primary provider based on their having odd or even numbers, so that the workload would be divided evenly between providers. If an inmate had an emergency, he would be seen by an available provider, regardless of his inmate number.

Defendants argue that on these facts, both of Plaintiff's claims fail. First, they explain that Plaintiff's belief about the inmate number/medical care policy is entirely false. Second, Defendants maintain that Plaintiff cannot establish deliberate indifference on the part of any Defendant. *See Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (The Eighth Amendment is violated when a prisoner shows that he "suffered from an objectively

serious medical condition," and that "the individual defendant was deliberately indifferent to that condition.").

As to Manlove, it was his medical opinion that the kidney stone was small, unobtrusive, and unlikely to cause any symptoms. Thus, there was no need to remove it manually; it would either remain in the kidney or pass without intervention. As a medical professional, Manlove exhibits deliberate indifference only when his conduct "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *King v. Kramer*, 680 F.3d 1013, 1018–19 (7th Cir. 2012) (quotation omitted). "Neither medical malpractice nor [Plaintiff's] mere disagreement with [Manlove's] medical judgment is enough to prove deliberate indifference." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Plaintiff himself is no doctor, and he has marshalled no competent evidence showing that Manlove's decision was so below the range of acceptable care that it could be considered deliberately indifferent. *King*, 680 F.3d at 1019 ("In evaluating the evidence, we must remain sensitive to the line between malpractice and treatment that is so far out of bounds that it was blatantly inappropriate or not even based on medical judgment.").

As for the other defendants, White played no role in treating Plaintiff's kidney stone, and Plaintiff has conceded that Foster should be dismissed from this action. (Docket #38 at 2). Neither Marchant, Alsum, nor Hompe had any role in treating Plaintiff either, though they did respond to his complaints. Those who are "not responsible for administering medical care to [prisoners]" are "entitled to defer to the judgment of [prison] health professionals so long as [they] d[o] not ignore [the prisoner]." *King*, 680 F.3d at 1018. This principle absolves these three defendants of any wrongdoing.

They were permitted to rely upon, and indeed had no medical expertise to contradict or question, Manlove's opinion.

Therefore, based on the undisputed facts presented by Defendants and the arguments in their briefs, the Court finds that summary judgment is clearly appropriate in their favor. Plaintiff's brief does nothing to alter the Court's conclusion. Plaintiff quibbles about whether Manlove adequately discussed Plaintiff's medical tests with him, but the Eighth Amendment is unconcerned with such minute issues of doctor-patient interaction. Plaintiff has not adduced any evidence that his medical needs were ignored. *Petties*, 836 F.3d at 727–28. And again, Plaintiff's mere disagreement with Manlove's ultimate opinion is not evidence of deliberate indifference. *Berry*, 604 F.3d at 441. The Court will dismiss each of Plaintiff's claims, and therefore this entire action, with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #27) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge